SEYFARTH SHAW LLP
Lindsay Fitch (SBN 238227)
lfitch@seyfarth.com
Steven A. Erkel (SBN 299263)
serkel@seyfarth.com
400 Capitol Mall, Suite 2300
Sacramento, California 95814-4428
Telephone:     (916) 448-0159
Facsimile:      (916) 558-4839

*Attorneys for Defendants*
COSTCO WHOLESALE CORPORATION

**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

**SACRAMENTO DIVISION**

| | |
|---|---|
| JUAN OCHOA JR.,<br><br>            Plaintiff,<br><br>     v.<br><br>COSTCO WHOLESALE CORPORATION and DOES 1-10, inclusive,<br><br>            Defendants. | Case No. _____<br><br>[Removal from San Joaquin Superior Court, Case No. STK-CV-UOE-2022-0010708]<br><br>**DEFENDANTS COSTCO WHOLE CORPORATION'S NOTICE OF REMOVAL PURSUANT TO 28 U.S.C. §§ 1331, 1441, AND 1446**<br><br>[DIVERSITY JURISDICTION]<br><br>Date Action Filed: November 18, 2022 |

**TO THE CLERK OF THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF CALIFORNIA, SACRAMENTO DIVISION, AND TO PLAINTIFF AND HIS ATTORNEYS OF RECORD:**

PLEASE TAKE NOTICE THAT COSTCO WHOLESALE CORPORATION ("Defendant") hereby removes the above-referenced action from the Superior Court of the State of California for the County of San Joaquin to the United States District Court for the Eastern District of California, Sacramento Division, pursuant to sections 1332, 1441 and 1446 of Title 28 of the United States Code.

1

DEFENDANT'S NOTICE OF REMOVAL

90436287v.4

## I. BACKGROUND

1. On **November 18, 2022**, Juan Ochoa Jr. ("Plaintiff") filed an unverified Complaint in the Superior Court of the State of California for the County of San Joaquin, entitled: *Juan Ochoa Jr. v. Costco Wholesale Corporation and Does 1-10, inclusive*, Case No. STK-CV-UOE-2022-0010708 (the "Complaint"). A true and correct copy of the Complaint is attached as **Exhibit A** to this Notice.

2. The Complaint purports to allege six (6) causes of action under the Fair Employment and Housing Act ("FEHA"): (1) Disability Discrimination in violation of Cal. Gov. Code § 12940(a); (2) Disability Harassment in violation of Cal. Gov. Code § 12940(j)(1); (3) Failure to Accommodate in violation of Cal. Gov. Code § 12940(m)(1); (4) Failure to Engage in Interactive Process in violation of Cal. Gov. Code § 12940(n); (5) Retaliation in violation of Cal. Gov. Code § 12940(m)(2), (h); and (6) Failure to Prevent Discrimination, Harassment, and Retaliation in violation of Cal. Gov. Code § 12940(j)(1), (k).

3. On or around **November 22, 2022**, Plaintiff served Defendant with the Summons and Complaint via personal service.

4. On **December 20, 2022** Defendant filed its Answer to Plaintiff's unverified Complaint in the Superior Court of the State of California, County of San Joaquin. A true and correct copy of the Answer filed by Defendant is attached as **Exhibit B**.

5. True and correct copies of all processes, pleadings, and orders in this action are attached as **Exhibits A-C**.

## II. TIMELESS OF REMOVAL

6. This Notice of Removal is timely, as it is being filed within thirty (30) days of service of the Summons and Complaint on November 22, 2022, and within one year of the commencement of this action. 28 U.S.C. § 1446(b); Cal. Civ. Proc. Code § 415.10 ("A summons may be served by personal delivery of a copy of the summons and of the complaint to the person to be served. Service of a summons in this manner is deemed complete at the time of such delivery"); *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 119 S. Ct. 1322 (1999) (thirty-day deadline to remove commences upon service of the summons and complaint).

7. Removal deadlines are triggered by the service of process. *See Murphy Bros., Inc.*, 119 S.Ct. at 348. The effective service date of a complaint and summons filed in state court is governed by the laws of the state where the complaint was filed. In California, service of summons via personal delivery is deemed complete at the time of such delivery. Cal. Civ. Proc Code § 415.10.

8. Here, Defendant was served in this action on **November 22, 2022**. This Notice of Removal is therefore timely.

### III.   JURISDICTION BASED ON DIVERSITY OF CITIZENSHIP

9. The Court has original jurisdiction of this action under 28 U.S.C. §1332(a)(1). As set forth below, this action is removable pursuant to 28 U.S.C. § 1441(a) as the amount in controversy is in excess of $75,000, exclusive of interest and costs, and is between citizens of different states.

#### A.   Plaintiff is a Citizen of California

10. For diversity purposes, a person is a "citizen" of the state in which he or she is domiciled. *Kantor v. Wellesley Galleries, Ltd.*, 704 F.2d 1088, 1090 (9th Cir. 1983). For purposes of diversity of citizenship jurisdiction, citizenship is determined by the individual's domicile at the time that the lawsuit is filed. *Armstrong v. Church of Scientology Int'l*, 243 F.3d 546, 546 (9th Cir. 2000) (citing *Lew v. Moss*, 797 F.2d 747, 750 (9th Cir. 1986)). A person's domicile is the place he or she resides with the intent to remain indefinitely. *Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001). Residence is prima facie evidence of domicile. *State Farm Mut. Auto Ins. Co. v. Dyer*, 19 F.3d 514, 520 (10th Cir. 1994) (holding that "the place of residence is prima facie [evidence of] domicile").

11. Plaintiff is and, at all times since the commencement of this action, has been a resident and citizen of the State of California. The Complaint alleges that Plaintiff is and "[w]as at all times relevant herein an individual, a resident of California…. (Ex. A, Compl., ¶ 1.) Moreover, based on information from Plaintiff's personnel file, Plaintiff listed a California address as his current address. This demonstrates "an intent to remain" in California and establishes domicile in California. Neither Plaintiff nor Plaintiff's counsel has provided a different address or indicated that Plaintiff does not intend to remain domiciled in California.

DEFENDANT'S NOTICE OF REMOVAL

90436287v.4

12. Accordingly, Plaintiff was at all relevant times, and still is, a citizen of the State of California.

### B. Defendant is Not a Citizen of California

13. Defendant is now and, was at the time of the filing of this action, a citizen of a State other than California within the meaning of 28 U.S.C. § 1332(c)(1).

14. For diversity purposes, "a corporation is a citizen of (1) the state under whose laws it is organized or incorporated; and (2) the state of its 'principal place of business.'" *Davis v. HSBC Bank Nevada, N.A.*, 557 F.3d 1026, 1028 (9th Cir. 2009) (citing 28 U.S.C. 1332(c)(1)). At all relevant times, Defendant was, and still is, a Washington corporation with its principal place of business in Issaquah, Washington.

15. The United States Supreme Court in *The Hertz Corp. v. Friend*, 130 S. Ct. 1181, 1192 (2010) held that a corporate entity's "principal place of business" for determining its citizenship is its "nerve center":

> We conclude that "principal place of business" is best read as referring to the place where a corporation's officers direct, control, and coordinate the corporation's activities. It is the place that Courts of Appeals have called the corporation's "nerve center." And in practice it should normally be the place where the corporation maintains its headquarters -- provided that the headquarters is the actual center of direction, control, and coordination, i.e., the "nerve center." *Id.* at 1192.

16. Defendant's "nerve center" is in Washington because Issaquah, Washington is the site of Defendant's corporate headquarters and executive offices, where Defendant's high-level officers direct, control, and coordinate Defendant's activities.

17. Accordingly, Defendant is a citizen of the State of Washington pursuant to the "nerve center" test and also a citizen of the State of Washington pursuant to its state of incorporation. *The Hertz Corp.*, 599 U.S. at 92-93.

### C. Residence and Citizenship of Doe Defendants to be Disregarded

18. Plaintiff has also named Does 1 through 100 as defendants. However, pursuant to 28 U.S.C. § 1441(b)(1), the residence of fictitious and unknown defendants should be disregarded for purposes of establishing removal jurisdiction under 28 U.S.C. § 1332. *See Fristoe v. Reynolds Metals Co.*, 615 F.2d

4

DEFENDANT'S NOTICE OF REMOVAL

90436287v.4

1209, 1213 (9th Cir. 1980) (holding that unknown defendants sued as "Does" need not be joined in a removal petition). Thus, the existence of alleged Doe defendants in this case does not deprive this Court of jurisdiction.

19.  Accordingly, pursuant to 28 U.S.C. § 1332(c), Plaintiff and Defendant have diverse citizenships and diversity jurisdiction is proper.

## IV.   AMOUNT IN CONTROVERSY

20.  While Defendant denies any liability as to Plaintiff's claims, the amount in controversy requirement is easily satisfied because "it is more likely than not" that the amount in controversy exceeds $75,000. *See Sanchez v. Monumental Life Ins.*, 102 F.3d 398, 404 (9th Cir. 1996) ("[D]efendant must provide evidence establishing that it is 'more likely than not' that the amount in controversy exceeds [the threshold] amount."). "The amount in controversy is 'not a prospective assessment of [a] defendant's liability.'" *Chavez v. JPMorgan Chase & Co.*, 888 F.3d 413, 417 (9th Cir. 2018) (quoting *Lewis v. Verizon Commc'ns, Inc.*, 627 F.3d 395, 400 (9th Cir. 2010).

21.  Where a complaint does not allege a specific amount in damages, the removing defendant bears the burden of proving by a preponderance of the evidence that the amount in controversy exceeds the statutory minimum. *Abrego v. The Dow Chem. Co.*, 443 F.3d 676, 683 (9th Cir. 2006). Further, "the amount-in-controversy inquiry in the removal context is not confined to the face of the complaint." *Valdez v. Allstate Ins. Co.*, 372 F.3d 1115, 1117 (9th Cir. 2004) (finding that a court may consider facts presented in the removal petition). When the amount in controversy is not apparent from the face of the complaint, a defendant may set forth underlying facts supporting its assertion that the amount in controversy exceeds the jurisdictional threshold. *Id*.

22.  As the Supreme Court has explained, "a defendant's notice of removal need only include a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S. Ct. 547, 553-54 (2014) ("[W]hen a defendant seeks federal-court adjudication, the defendant's amount-in-controversy allegation should be accepted when not contested by the plaintiff or questioned by the court."); *see also Valdez*, 372 F.3d at 1117 ("the parties need not predict the trier of fact's eventual award with one hundred percent accuracy"). Defendant is not

1  obligated to "research, state, and prove the plaintiff's claims for damages." *Behrazfar v. Unisys Corp.*, 687 F. Supp. 2d 999, 1004 (C.D. Cal. 2009) (quoting *Korn v. Polo Ralph Lauren Corp.*, 536 F. Supp. 2d 1199, 1204-05 (E.D. Cal. 2008)); *Rippee v. Boston Market Corp.*, 408 F. Supp. 2d 982, 986 (S.D. Cal. 2005) (noting that the inquiry is "what is in controversy" by the plaintiff's complaint, not what a defendant will actually owe).

23. In determining whether a complaint meets the $75,000 threshold under U.S.C. section 1332(a), the Court must consider a plaintiff's alleged aggregate damages, special damages, punitive damages, and attorneys' fees. *See Galt G/S v. JSS Scandinavia*, 142 F.3d 1150, 1156 (9th Cir. 1998) (claims for statutory attorneys' fees may be included in amount in controversy, regardless of whether such an award is discretionary or mandatory); *Davenport v. Mutual Benefit Health & Accident Ass'n*, 325 F.2d 785, 787 (9th Cir. 1963) (punitive damages may be taken into account in determining amount in controversy where recoverable under state law); *Conrad Assocs. v. Hartford Accident & Indemnity Co.*, 994 F. Supp. 1196, 1198 (N.D. Cal. 1998) ("amount in controversy" includes claims for general and special damages, including attorneys' fees and punitive damages).

24. The calculations supporting the amount in controversy are based on Plaintiff's potential recovery pursuant to the claims alleged in the Complaint without admitting any truth of any of the allegations or assuming liability (which is disputed).

25. Here, considered together, the compensatory, general and special damages sought by Plaintiff, along with the attorney's fees and punitive damages that might be awarded if Plaintiff prevails, establishes by a preponderance of the evidence that the amount in controversy exceeds $75,000.00, exclusive of interest and costs, as required by 28 United States Code section 1332(a).

**A. Compensatory Damages**

39. Plaintiff seeks compensatory and special damages for Defendant allegedly discriminating, harassing, and retaliating against him. (Ex. A [Compl., ¶¶ 21, 27, 33, 39, 45, 51].)

40. California jury verdicts in similar cases often exceed $75,000 for damages in discrimination cases. *See Ward v. Cadbury Schweppes Bottling Grp.*, 2011 WL 7447633 (C.D. Cal. Dec. 7, 2011 ) (in a discrimination case, jury awarded each plaintiff between $800,00- $1,000,000 for "past and

future physical pain, mental suffering, loss of enjoyment of life, inconvenience, grief, humiliation, and emotional distress"); *Welch v. Ivy Hill Corp.*, 2011 WL 3293268 (Los Angeles Sup. Ct.) (award of $1,270,000 in pain and suffering to employee in a discrimination action).

41. Without admitting the veracity of Plaintiff's allegations or the amount of alleged damages, if Plaintiff were successful on his discriminatory, retaliatory, and harassment claims, Plaintiff could easily obtain an economic damage award well-over the jurisdictional minimum based on similar verdicts.

### C. Alleged Attorney's Fees

42. Plaintiff's Complaint also contains a prayer for statutory attorney's fees. (Ex. A [Compl., Prayer for relief No. 4].) Requests for attorney's fees must be considered in ascertaining the amount in controversy. *See Galt*, *supra*, 142 F.3d at 1156 (claims for statutory attorney's fees to be included in amount in controversy, regardless of whether award is discretionary or mandatory).

43. Here, FEHA grants courts discretion for the recovery of attorney's fees. *See* Cal. Gov't Code § 12965 (c)(6).

44. Verdicts show that attorney's fees in employment cases typically exceed $75,000. *See Denenberg v. California Dep't of Trans.*, 2007 WL 2827715 (San Diego County Sup. Ct. Sept. 14, 2006) (attorney's fees award of $490,000 in case alleging discrimination, harassment, and retaliation); *McMillan v. City of Los Angeles*, 2005 WL 3729094 (Los Angeles County Sup. Ct. March 21, 2005) (attorney's fees award of $504,926 in case alleging discrimination and retaliation for filing lawsuit to redress discrimination).

45. Here, Plaintiff, if successful, would be entitled to an award of attorney's fees that itself "more likely than not" would exceed $75,000.

### D. Alleged Punitive Damages

46. Plaintiff also seeks punitive damages against Defendants. (Ex. A [Compl., Prayer for Relief, No. 3].) For purposes of calculating the amount in controversy, the Court must assume that Plaintiff will prevail on his claim for punitive damages. *See Davenport*, 325 F.2d at 787 (punitive damages must be taken into account where recoverable under state law).

47.     Verdicts in similar cases show that, when awarded, punitive damages in discrimination and wrongful termination cases typically exceed $75,000. *See, e.g.*, *Ward*, 2011 WL 7447633 (awarding ***over*** $1,000,000 in punitive damage for each plaintiff in a discrimination and failure to prevent discrimination or retaliation (among other claims) action).

48.     Therefore, while Defendant deny any liability, for the foregoing reasons, it is "more likely than not" that the amount in controversy exceeds $75,000, exclusive of costs and interests, as required by 28 United States Code section 1332(a).

**V.     VENUE AND INTRADISTRICT ASSIGNMENT**

49.     Venue lies in the United States District Court, Eastern District of California, Sacramento Division, pursuant to 28 United States Code section 84(b) and Civil Local Rule 120(d). Plaintiff originally filed this action in the Superior Court of the State of California, County of San Joaquin, which is located within the jurisdiction of the United States District Court, Eastern District of California, Sacramento Division. Thus, without waiving Defendant's right to challenge, among other things, personal jurisdiction and/or venue by way of a motion or otherwise, venue lies in this Court, Sacramento Division, pursuant to 28 United States Code sections 1391(a) and 1441(a).

**VI.    NOTICE OF REMOVAL**

50.     Pursuant to 28 United States Code section 1446(d), written notice of the filing of this Notice of Removal will be given promptly to Plaintiff and, together with a copy of the Notice of Removal, will be filed with the Clerk of the Superior Court of the Superior Court of the State of California, County of San Joaquin.

51.     This Notice of Removal will be served on counsel for Plaintiff. A copy of the Proof of Service regarding the Notice of Removal will be filed shortly after these papers are filed and served.

8

DEFENDANT'S NOTICE OF REMOVAL

90436287v.4

DATED: December 22, 2022

                                        Respectfully submitted,

                                        SEYFARTH SHAW LLP

                                        By: */s/* <u>Lindsay Fitch</u>
                                                 Lindsay Fitch
                                                 Steven A. Erkel

                                               *Attorneys for Defendant*
                                               *COSTCO WHOLESALE CORPORATION*