UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JUAN OCHOA, JR.,

              Plaintiff,

    v.

COSTCO WHOLESALE CORPORATION and DOES 1-10, inclusive,

              Defendants.

No. 2:22-cv-02287-KJM-AC

ORDER

       Plaintiff Juan Ochoa, Jr. brought this disability discrimination, harassment and retaliation lawsuit against his employer, defendant Costco Wholesale Corporation, in San Joaquin County Superior Court. Costco timely removed the action to this court, invoking the court's diversity jurisdiction. Mr. Ochoa moved for remand, arguing Costco fails to establish the amount in controversy exceeds $75,000. As explained below, the court finds Costco has established it is more likely than not the amount in controversy exceeds $75,000; the court therefore **denies** Mr. Ochoa's motion.

**I.     BACKGROUND**

       Mr. Ochoa has worked for Costco since April 2013. *See* Compl. ¶ 7, Not. Removal, Ex. A, ECF No. 1-1. He suffers from multiple sclerosis and alleges Costco has known of his disability since 2016 at the latest. *Id*. ¶¶ 8–9. In April 2022, Mr. Ochoa alleges Costco denied him the position of forklift operator based on his "actual and perceived disability." *Id*. ¶ 11.

1

1  Mr. Ochoa alleges his assistant manager Tim Stone told him he had "too many absences" to
2  receive the position, despite knowing the absences were due to Mr. Ochoa's disability. *Id*.

Mr. Ochoa claims Costco has discriminated against him based on his disability for years and has retaliated against him for requesting "reasonable accommodation and protected medical leave" and complaining against Costco's practices. *Id*. ¶ 10. He alleges Costco continued its "discrimination, harassment, and retaliation" by limiting his opportunities for advancement and promotion, assigning him "physically arduous tasks" without reasonable accommodation and intermittent medical leave for his disability, and pressuring him to quit. *Id*. ¶ 13.

Mr. Ochoa filed a complaint with the California Civil Rights Department ("CRD") on September 13, 2022. *Id*. ¶ 15. On the same day, CRD issued Mr. Ochoa a right-to-sue notice, which Mr. Ochoa served on Costco. *Id*. Mr. Ochoa sued Costco in the Superior Court of the State of California in San Joaquin County on November 18, 2022, alleging various forms of discrimination, harassment, retaliation and failure to engage in the interactive process. *See generally* Compl. Mr. Ochoa does not specify his injuries in his complaint but seeks compensatory, special, general and punitive damages, along with injunctive and declaratory relief, and attorneys' fees and costs. *Id*. at 6–7. Mr. Ochoa served Costco on November 22, 2022. Not. Removal ¶ 3, ECF No. 1. As noted, Costco timely removed to this court on December 22, 2022. *See id*. ¶¶ 6–8. Mr. Ochoa moves to remand, arguing this court lacks subject matter jurisdiction because Costco cannot prove more than $75,000 is at issue in this lawsuit. *See generally* Mot. Remand, ECF No. 6. The court received full briefing and submitted the matter without oral argument. *See* Opp'n, ECF No. 7; Def.'s Req. Jud. Not., ECF No. 8;[1] Reply, ECF No. 9; Min. Order, ECF No. 11.

## II.   LEGAL STANDARD

Federal courts have original jurisdiction over civil cases in which the amount in controversy exceeds $75,000 and the case is between citizens of different states. 28 U.S.C. § 1332. When a federal district court would have had original jurisdiction over an action originally filed in state court, the action may be removed to federal court. 28 U.S.C. § 1441(a). The removal statute is strictly construed, and doubts regarding the court's jurisdiction are

---

[1] The court grants defendant's unopposed request for judicial notice of state court judgments. *See Harris v. County of Orange*, 682 F.3d 1126, 1132 (9th Cir. 2012) ("[Courts] may take judicial notice of undisputed matters of public record . . . including documents on file in federal or state courts.").

1   resolved in favor of remand.  *See Luther v. Countrywide Home Loans Servicing, LP*, 533 F.3d
2   1031, 1034 (9th Cir. 2008).  Removal is proper only when (1) the case presents a federal question
3   or (2) there is diversity of citizenship between the parties and the amount in controversy exceeds
4   $75,000.  *See* 28 U.S.C. §§ 1331, 1332(a).

5   For diversity jurisdiction to adhere, the amount in controversy is an "estimate of the total
6   amount in dispute." *Lewis v. Verizon Commc'ns, Inc.*, 627 F.3d 395, 400 (9th Cir. 2010) (citation
7   omitted).  "Where it is not facially evident from the complaint that more than $75,000 is in
8   controversy, the removing party must prove, by a preponderance of the evidence, that the amount
9   in controversy meets the jurisdictional threshold." *Matheson v. Progressive Specialty Ins. Co.*,
10  319 F.3d 1089, 1090 (9th Cir. 2003) (per curiam); *see also Sanchez v. Monumental Life Ins. Co.*,
11  102 F.3d 398, 404 (9th Cir. 1996) ("Under this burden, the defendant must provide evidence
12  establishing that it is 'more likely than not' that the amount in controversy exceeds [the
13  jurisdictional amount].").  To determine if the amount in controversy is met, the district court
14  considers the complaint, allegations in the removal petition, and "summary-judgment-type
15  evidence relevant to the amount in controversy," *Kroske v. U.S. Bank Corp.*, 432 F.3d 976, 980
16  (9th Cir. 2005) (citation omitted), as well as evidence filed in opposition to the motion to remand,
17  *Lenau v. Bank of Am., N.A.*, 131 F. Supp. 3d 1003, 1005 (E.D. Cal. 2015) (citing *Cohn v.
18  Petsmart, Inc.*, 281 F.3d 837, 840 n.1 (9th Cir. 2002) (per curiam)).

19  **III.   ANALYSIS**

20  The parties do not dispute that the diversity of citizenship requirement is met, so the only
21  question before the court is whether the amount in controversy exceeds $75,000.  *See generally*
22  Mot. Remand; Opp'n.  The Supreme Court has held the party seeking removal "need include only
23  a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart
24  Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 89 (2014).  Costco bases its amount-
25  in-controversy estimation on Mr. Ochoa's claims for (1) disability discrimination, (2) disability
26  harassment, (3) failure to accommodate, (4) failure to engage in interactive process,
27  (5) retaliation, and (6) failure to prevent discrimination, harassment and retaliation.  *See generally*
28  Not. Removal; Opp'n.  Mr. Ochoa has not stated a specific amount he seeks based on his claims.
29  *See* Mot. Remand at 3; Reply.  The court thus addresses whether Costco has shown it is more
30  likely than not Mr. Ochoa's damages and attorneys' fees exceed $75,000.

**A.     Damages**

Mr. Ochoa seeks compensatory, special, general and punitive damages. Compl. at 6–7. Because plaintiff's complaint seeks all forms of damages and plaintiff has not contested in his motion or reply which damages are relevant here, the court considers damages typical to plaintiff's claims under the California Fair Employment and Housing Act ("FEHA"), including emotional distress and punitive damages. Punitive damages may be considered when they are recoverable under one or more of plaintiff's claims for relief. *See Gibson v. Chrysler Corp.*, 261 F.3d 927, 945–46 (9th Cir. 2001). Mr. Ochoa's claims are brought under FEHA, and punitive damages are recoverable for FEHA violations. *See Commodore Home Systems, Inc. v. Superior Court*, 32 Cal. 3d 211, 221 (1982) ("[I]n a civil action under the FEHA, all relief generally available in noncontractual actions, including punitive damages, may be obtained."). To establish probable emotional distress and punitive damages, a defendant may introduce evidence of jury verdicts from cases with analogous facts. *See Kroske*, 432 F.3d at 980 (noting "district court properly considered . . . emotional distress damage awards in similar age discrimination cases"). Such cases are probative if they are "factually identical or, at a minimum, analogous to the case at issue." *Mireles v. Wells Fargo Bank, N.A.*, 845 F. Supp. 2d 1034, 1055 (C.D. Cal. 2012).

In its notice of removal and opposition, Costco highlights several California cases involving single-plaintiff disability discrimination, failure to engage in the interactive process and retaliation cases with compensatory and punitive damages ranging from $295,000 to $1,284,000. Not. Removal ¶¶ 39–41; 46–48; Opp'n at 4–6; *see also generally* Def.'s Req. Jud. Not. While these cases are not perfectly analogous, as plaintiff correctly argues in his reply, they are sufficiently similar to serve as benchmarks as dealing with many of the same claims Mr. Ochoa asserts in his complaint. *See Mireles*, 845 F. Supp. 2d at 1055. While the cases also involve wrongful termination claims and multiple plaintiffs, they address claims of retaliation and failure to engage in the interactive process claims, *see, e.g.*, *Carrillo v. County of Orange*, No. 07CC02038 (Cal. Super. Ct. July 6, 2009), Def.'s Req. Jud. Not. Ex. A. (jury awarding plaintiff $78,658 in non-economic damages including damages for emotional distress as well as attorneys' fees of $246,060); *Wysinger v. Automobile Club of Southern California*, No. 01132996, 2006 WL 6080930 (Cal. Super. Ct. June 19, 2006), Def.'s Req. Jud. Not. Ex. C. (awarding plaintiff $80,000 in non-economic damages and $1,000,000 in punitive damages for retaliation and failure to engage in interactive process), and disability discrimination, disability harassment and failures to accommodate and prevent harassment, *see, e.g.*, *Azzolin v. San Bernardino Cnty. Sheriff's Dept.*,

No. CIVDS 1206805 (Cal. Super. Ct. Aug. 4, 2014), Def.'s Req. Jud. Not. Ex. D. (awarding $1,200,000 in damages, including $250,000 for non-economic damages to plaintiff for disability discrimination, failure to engage in interactive process, and failure to accommodate); *Espinoza v. County of Orange*, No. 30-2008-00110643 (Cal. Super. Ct. Oct. 8, 2009), Def.'s Req. Jud. Not. Ex. B (jury awarding plaintiff $500,000 in non-economic mental distress damages).

Mr. Ochoa argues these judgments do not sufficiently identify the underlying facts for this court to properly compare them with Mr. Ochoa's case, and argues Costco's contention is purely speculative. *See* Mot. Remand at 3–5; Reply at 2. As explained above, cases, like the ones cited by Costco, are probative if they are "factually identical or, at a minimum, analogous to the case at issue." *Mireles*, 845 F. Supp. 2d at 1055. When no specific damages are alleged, courts look to cases and jury awards with sufficiently similar claims. *Owuor v. Wal-Mart Associates, Inc.*, 2022 WL 1658738, at *3 (E.D. Cal. May 25, 2022) (noting while "cases are not perfectly analogous . . . they are sufficiently similar to serve as benchmarks"); *Simmons v. PCR Tech.*, 209 F. Supp. 2d 1029, 1033 (N.D. Cal. 2002) ("Notwithstanding these differences, the jury verdicts in these cases amply demonstrate the potential for large punitive damage awards in employment discrimination cases."). Courts often require far less at this stage than what Costco has put forth to meet its burden. *See, e.g.*, *Simmons*, 209 F. Supp. 2d at 1033–34. The cases it cites, including the cases involving punitive damages of the sort Mr. Ochoa seeks, show it is more likely than not the amount in controversy requirement for diversity is met. Costco further contends that even if this court did not find the damages in this case more likely than not exceed $75,000, the attorneys' fee award sought by Mr. Ochoa would also mean his case exceeds the jurisdictional requirement.

**B.    Attorneys' Fees**

"[W]hen a statute or contract provides for the recovery of attorneys' fees, prospective attorneys' fees must be included in the assessment of the amount in controversy." *Arias v. Residence Inn by Marriott*, 936 F.3d 920, 922 (9th Cir. 2019) (citation omitted). Mr. Ochoa's claims are brought under FEHA, which provides "[i]n actions brought under this section, the court, in its discretion, may award to the prevailing party . . . reasonable attorney's fees and costs." Cal. Gov't Code § 12965(c)(6).

"A defendant does 'not need to prove to a legal certainty' a plaintiff will be awarded the proffered attorneys' fees in the removal notice." *Greene v. Harley-Davidson, Inc.*, 965 F.3d 767, 774 n.4 (9th Cir. 2020) (quoting *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S.

81, 88 (2014)). The estimated attorneys' fees must simply be reasonable. *See id*. "The reasonableness of attorney's fees, when such fees are unascertainable on the face of the complaint, can be calculated by looking to other attorney's fees awards in similar cases." *Sasso v. Noble Utah Long Beach, LLC*, 2015 WL 898468, at *5 (C.D. Cal. Mar. 3, 2015) (internal marks and citation omitted).

Here, neither Costco nor Mr. Ochoa has given the court a detailed estimate of attorneys' fees in this case. Costco asserts attorneys' fees in employment cases typically exceed $75,000 and, if successful, Mr. Ochoa would more likely than not be entitled to an award of attorneys' fees exceeding $75,000. Not. Removal ¶¶ 42–45 (citing cases); Opp'n at 6–7. Mr. Ochoa argues Costco's calculation of attorneys' fees is speculative and the two cases Costco cites are not analogous. Mot. Remand at 5. Because the amount of attorneys' fees is "unascertainable on the face of the complaint," a reasonable estimate of attorneys' fees can be calculated "by looking to other attorney's fees awards in similar cases." *Sasso*, 2015 WL 898468, at *5 (citation omitted).

Costco supports its assertion by citing to similar cases where a single plaintiff brings claims involving disability discrimination, failure to engage in the good faith interactive process, retaliation and other FEHA claims. Opp'n at 6–7; *see, e.g.*, *Azzolin*, No. CIVDS 1206805 (plaintiff awarded $506,313.00 in attorneys' fees after jury found for plaintiff on claims of disability discrimination, failure to engage in interactive process and failure to accommodate). Again, while Mr. Ochoa correctly notes these cases are not factually identical to his, they involve sufficiently analogous claims brought by single party plaintiffs against their employers. *See Sasso*, 2015 WL 898468, at *5. Some courts have used $30,000 as a "conservative estimate" where defendants do not introduce specific evidence of attorneys' fees in employment discrimination cases. *See, e.g.*, *Owuor*, 2022 WL 1658738, at *3 (collecting cases). However, with the number of claims asserted in this case, Costco has shown by a preponderance of the evidence attorneys' fees likely would exceed the amount in controversy requirement.

**IV.  CONCLUSION**

Costco has shown it is more likely than not the compensatory damages and punitive damages put more than $75,000 in controversy. Taken together, using even the most conservative estimate of $30,000 in attorneys' fees, Costco has met its burden of establishing, by a preponderance of the evidence, the amount in controversy exceeds the jurisdictional threshold at the time of removal.

1      Accordingly, Mr. Ochoa's motion for remand is **denied.**

2      This order resolves ECF No. 6.

3      IT IS SO ORDERED.

4   DATED: April 7, 2023.

                                              CHIEF UNITED STATES DISTRICT JUDGE